IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Bulmaro Guzman Villegas and Saul Guzman, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**Now Come** Plaintiffs Bulmaro Guzman Villegas and Saul Guzman (cumulatively "Plaintiffs"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill ("Brick House ") and Reis Mehmedi Jr. (Brick House and Reis Mehmedi, Jr. may collectively be referred to as "Defendants") and in support of this Complaint, state:

### Introduction and Parties

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq*) ("IMWL"), the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq*)("IWPCA") , and the Chicago Minimum Wage and Paid Sick Leave Ordinance (Chicago Code Chapter 1-24-010 *et seq*) ("Chicago Wage Ordinance") for Defendants' failure to pay overtime wages owed.

2. Plaintiff Bulmaro Guzman Villegas is a resident of Chicago, Cook County, Illinois; he was formerly employed by Defendants.

3. Plaintiff Saul Guzman is a resident of Chicago, Cook County, Illinois; he was formerly employed by Defendants.

4. Defendant Brick House is a bar and grill and an Illinois corporation that is headquartered and conducts business in Chicago, Illinois; during relevant periods, it employed four or more employees.

5. Defendant Reis Mehmedi, Jr. is the manager and an owner of Brick House. On information and belief, he is a resident of Cook County, Illinois.

### Jurisdiction And Venue

6. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and possesses subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook or Lake County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

### Facts Common To All Claims

8. At all relevant times, Plaintiff Bulmaro Guzman Villegas was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff Bulmaro Guzman Villegas does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

9. At all relevant times, Plaintiff Saul Guzman was Defendants' "employee" as that term is defined in the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance; Plaintiff Saul Guzman does not fall into any of the exceptions or exemptions for workers under the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance.

10. Defendant Brick House is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, as it is a privately-owned for-profit entity.

11. Defendant Reis Mehmedi, Jr. is an "employer" as that term is defined in Section 203 of the FLSA, under the IMWL, under the IWPCA, and under the Chicago Wage Ordinance, because: (1) s/he was Plaintiffs' boss at Brick House; (2) s/he had the power to hire and fire the employees, including Plaintiffs; (3) s/he supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and (5) s/he maintained employment records.

## Count 1 – Violation(s) of FLSA – Bulmaro v. Defendants

12. Plaintiff Bulmaro Guzman Villegas reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

13. Plaintiff Bulmaro Guzman Villegas began working at Defendant Brick House in or about September 2009, and his last day of work was on or about August 14, 2020.

14. At all times, Plaintiff Bulmaro Guzman Villegas worked in food preparation and/or as a cook for Defendants.

15. While Plaintiff Bulmaro Guzman Villegas received tips in his role as a food preparation worker and chef, his occupation with Defendants is not one that customarily receives tips.

16. Prior to his employment, Defendants did not provide Plaintiff Bulmaro Guzman Villegas the following information:

    1) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

    2) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

  3) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

  4) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and/or

  5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

17. From the beginning of his employment through August 20, 2020, Plaintiff Bulmaro Guzman Villegas worked on average fifty-five (55) hours per work week as an employee for Defendants.

18. While employed by Defendants, Plaintiff was paid $8.00 in cash for each hour worked and paid on a weekly basis.

19. Plaintiff Bulmaro Guzman Villegas's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

20. Throughout the course of his/her employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Bulmaro Guzman Villegas to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

21. Defendants did not pay Plaintiff Bulmaro Guzman Villegas the mandated minimum wage for the regular hours he worked for them.

22. Defendants did not pay Plaintiff Bulmaro Guzman Villegas not less than one and a half (1.5) times the mandated regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

23. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff Bulmaro Guzman Villegas's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

24. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $41,968.75 in unpaid overtime and minimum wages; (ii) and liquidated damages of $41,968.75 and (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**WHEREFORE**, Plaintiff Bulmaro Guzman Villegas respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $41,968.75;

B. An award liquidated damages in an amount equal to at least $41,968.75;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 2 – Violation of IMWL – Bulmaro v. Defendants

25. Plaintiff Bulmaro Guzman Villegas reincorporates by reference Paragraphs 1-19 of Count 1, as if set forth in full herein for Paragraph 25.

26. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff Bulmaro Guzman Villegas the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

27. Defendants directed Plaintiff Bulmaro Guzman Villegas to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

28. Plaintiff Bulmaro Guzman Villegas was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

29. Defendants did not pay Plaintiff Bulmaro Guzman Villegas the Illinois-mandated minimum wage for all hours worked in individual work weeks.

30. Defendants' failure to pay Plaintiff Bulmaro Guzman Villegas the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

31. Pursuant to 820 ILCS 105/12(a), Plaintiff Bulmaro Guzman Villegas is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Bulmaro Guzman Villegas respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $41,968.75;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 3– Violation of Chicago Ordinance – Bulmaro v. Defendants

32. Plaintiff Bulmaro Guzman Villegas reincorporates by reference Paragraphs 1-19 of Count 1, as if set forth in full herein for Paragraph 32.

33. This count arises from Defendants' violation of the Chicago Code, by: a) failing to pay Plaintiff Bulmaro Guzman Villegas the Chicago-mandated minimum wage and overtime wages for all hours worked in individual work weeks in violation of Chicago Code 1-24-020.

34. Defendants directed Plaintiff Bulmaro Guzman Villegas to and did work as an employee, but was not compensated at least at the Chicago-mandated minimum wage rate for all time worked.

35. Plaintiff Bulmaro Guzman Villegas was entitled to be paid not less than the Chicago-mandated minimum wage for all hours worked in individual work weeks.

36. Defendants did not pay Plaintiff Bulmaro Guzman Villegas the Chicago-mandated minimum wage for all hours worked in individual work weeks.

37. Defendants' failure to pay Plaintiff Bulmaro Guzman Villegas the Chicago-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the Chicago Code.

38. Pursuant to Chicago Code 1-24-110, Plaintiff Bulmaro Guzman Villegas is entitled to recover, treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Bulmaro Guzman Villegas respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

    A. Treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, totaling at least $125,906.25;

    B. Declare that Defendants have violated the Chicago Code;

    C. Award reasonable attorneys' fees and costs as provided by the Chicago Code; and/or

    D. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count 4 - Violations of the IWCPA – Bulmaro v. Defendants**

39. Plaintiff Bulmaro Guzman Villegas reincorporates by reference Paragraphs 1-19 of Count 1, as if set forth in full herein for Paragraph 39.

40. Defendants violated the IWCPA by failing to pay Plaintiff Bulmaro Guzman Villegas for his/her final week(s) of employment with Defendants, which unpaid wages total $843.75.

41. In addition, pursuant to Section 14 of the IWCPA, Plaintiff Bulmaro Guzman Villegas is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Bulmaro Guzman Villegas respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

A. The amount of unpaid wages, totaling at least $843.75.;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**Count 5 – Violation(s) of FLSA – Saul v. Defendants**

42. Plaintiff Saul Guzman reincorporates by reference Paragraphs 1 through 11 of Count 1, as if set forth in full herein for Paragraph 42.

43. Plaintiff Saul Guzman began working at Defendant Brick House in or about September 2003, and his last day of work was on or about August 7, 2020.

44. At all times, Plaintiff Saul Guzman worked in maintenance, cleaning, and janitorial services for Defendants.

45. Plaintiff Saul Guzman did not receive any tips as an employee for Defendants nor was his occupation with Defendants one that customarily receives tips.

46. From the beginning of his employment through August 14, 2020, Plaintiff Saul Guzman Villegas worked on average sixty (60) hours per work week as an employee for Defendants.

47. While employed by Defendants, Plaintiff Saul Guzman was paid $10.00 in cash for each hour worked and paid on a weekly basis.

48. Plaintiff Saul Guzman's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

49. Throughout the course of his/her employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff Saul Guzman to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

50. Defendants did not pay Plaintiff Saul Guzman the mandated minimum wage for the regular hours he worked for them.

51. Defendants did not pay Plaintiff Saul Guzman not less than one and a half (1.5) times the mandated regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

52. On information and belief, Defendants have failed to keep proper time records tracking Plaintiff Saul Guzman's time worked; and Defendants' failure and refusal to pay Plaintiff proper minimum wages and/or overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

53. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes:

(i) $37,300.00 in unpaid overtime and minimum wages; (ii) and liquidated damages of $37,300.00 (iii) Plaintiff's attorney's fees and costs, to be determined; and (iv) for all other just relief.

**WHEREFORE**, Plaintiff Saul Guzman respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

A. The amount of unpaid minimum wages and unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $37,300.00;

B. An award liquidated damages in an amount equal to at least $37,300.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### Count 6 – Violation of IMWL – Saul v. Defendants

54. Plaintiff Saul Guzman reincorporates by reference Paragraphs 42-49 of Count 5, as if set forth in full herein for Paragraph 54.

55. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff Saul Guzman the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and/or b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

56. Defendants directed Plaintiff Saul Guzman to and did work as an employee, but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

57. Plaintiff Saul Guzman was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

58. Defendants did not pay Plaintiff Saul Guzman the Illinois-mandated minimum wage for all hours worked in individual work weeks.

59. Defendants' failure to pay Plaintiff Saul Guzman the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

60. Pursuant to 820 ILCS 105/12(a), Plaintiff Saul Guzman is entitled to recover unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff Saul Guzman respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

A. The amount of wages worked by Plaintiff for which she was not paid minimum wages, totaling at least $37,300.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 7 – Violation of Chicago Ordinance – Saul v. Defendants

61. Plaintiff Saul Guzman reincorporates by reference Paragraphs 42-49 of Count 5, as if set forth in full herein for Paragraph 61.

62. This count arises from Defendants' violation of the Chicago Code, by: a) failing to pay Plaintiff Saul Guzman the Chicago-mandated minimum wage and overtime wages for all hours worked in individual work weeks in violation of Chicago Code 1-24-020.

63. Defendants directed Plaintiff Saul Guzman to and did work as an employee, but was not compensated at least at the Chicago-mandated minimum wage rate for all time worked.

64. Plaintiff Saul Guzman was entitled to be paid not less than the Chicago-mandated minimum wage for all hours worked in individual work weeks.

65. Defendants did not pay Plaintiff Saul Guzman the Chicago-mandated minimum wage for all hours worked in individual work weeks.

66. Defendants' failure to pay Plaintiff Saul Guzman the Chicago-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the Chicago Code.

67. Pursuant to Chicago Code 1-24-110, Plaintiff Saul Guzman is entitled to recover, treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, plus attorney's fees and costs.

   **WHEREFORE**, Plaintiff Saul Guzman respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

   A. Treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, totaling at least $111,900;

   B. Declare that Defendants have violated the Chicago Code;

   C. Award reasonable attorneys' fees and costs as provided by the Chicago Code; and/or

   D. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**Count 8 - Violations of the IWCPA – Saul v. Defendants**

68. Plaintiff Saul Guzman reincorporates by reference Paragraphs 42-49 of Count 5, as if set forth in full herein for Paragraph 68.

69. Defendants violated the IWCPA by failing to pay Plaintiff Saul Guzman for his/her final week(s) of employment with Defendants, which unpaid wages total $940.00.

70. In addition, pursuant to Section 14 of the IWCPA, Plaintiff Saul Guzman is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Saul Guzman respectfully requests that the Court enter a judgment in his favor and against Defendants 3154 Café, Inc. d/b/a Brick House Bar and Grill and Reis Mehmedi, Jr., jointly and severally, for:

A. The amount of unpaid wages, totaling at least $940.00;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

s/ James M. Dore

**James M. Dore/ Dore Law Offices LLC (ARDC# 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 312-726-8401
E: james@dorelawoffices.com; jmdore70@sbcglobal.net
danschlade@gmail.com

**Plaintiffs request trial by jury for all counts where allowed**